IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT E. LEWIS, JR.,**                                                      **PLAINTIFF**

V.                                                                  NO. 1:07CV57-M-D

**J.D. SANDERS, et al.,**                                                    **DEFENDANTS**

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B(i) and (ii).

Plaintiff complains about the nature and circumstances of his arrest. Specifically, he states that the Defendants entered his home, without knocking or making an announcement, at about 8:15 in the morning through and unlocked back door. With guns drawn, Defendants woke Plaintiff from his sleep and he was "forcefully" handcuffed. Additionally, Defendants search Plaintiff home. Plaintiff's primary complaint seems to be that he was not shown a warrant nor was he told why he was being arrested. Plaintiff is seeking compensation for due process violations, the loss of property and earnings as well as damages for mental anguish.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a

favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983.  If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate order shall issue in accordance with this opinion.

THIS the 3rd day of May, 2007.

                                       **/s/ Michael P. Mills**
                                       **UNITED STATES DISTRICT JUDGE**